**L.B.F. 3015.1**
**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re: **Anthony D. Ferrell**                                             Chapter 13

                          Debtor(s)                          Case No.   **25-12274-amc**

**Chapter 13 Plan**

☐ Original
☑   **3rd**   Amended
Date: **June 11, 2026**

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**
**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

**Part 1: Bankruptcy Rule 3015.1(c)  Disclosures**

☐          Plan contains non-standard or additional provisions – see Part 9

☑          Plan limits the amount of secured claim(s) based on value of collateral and/or changed interest rate – see Part 4

☑          Plan avoids a security interest or lien – see Part 4 and/or Part 9

**Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE**

**§ 2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan: 60 months.**
**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ **194,680.00**
Debtor shall pay the Trustee $ **1,500.00** per month for **14** months; and then
Debtor shall pay the Trustee $ **2,975.00** per month for the remaining **11** months.
☑ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§ 2(c) Alternative treatment of secured claims:**
☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.
**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

Payment of $ **3,525.00** for **11** months beginning in month **26**.
Payment of $ **4,025.00** for **12** months beginning in month **37**.
Payment of $ **4,490.00** for **12** months beginning in month **49**.

**§ 2(e) Estimated Distribution**
    A.      Total Administrative Fees (Part 3)

          1. Postpetition attorney's fees and costs                    $ _____ **8,629.00**

          2. Postconfirmation Supplemental attorney's fee's and costs    $ _____ **0.00**

                                              Subtotal  $ _____ **8,629.00**

    B.      Other Priority Claims (Part 3)                    $ _____ **14,295.25**

C.      Total distribution to cure defaults (§ 4(b))                          $ _____ **0.00**

D.      Total distribution on secured claims (§§ 4(c) &(d))             $ _____ **151,451.91**

E.      Total distribution on general unsecured claims (Part 5)     $ _____ **835.84**

                                    Subtotal                                              $ _____ **175,212.00**

F.      Estimated Trustee's Commission                                    $ _____ **19,468.00**

G.      Base Amount                                                                  $ _____ **194,680.00**

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☐ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $____ with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

**Part 3: Priority Claims**

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Proof of Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| **David M. Offen** | | **Attorney Fee** | $ **8,629.00** |
| **Internal Revenue Service** | **9** | **11 U.S.C. 507(a)(8)** | $ **14,295.25** |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

**Part 4: Secured Claims**

**§ 4(a) Secured Claims Receiving No Distribution from the Trustee:**

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Proof of Claim # | Secured Property |
|---|---|---|
| ☑ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. **Midfirst Bank** | **8** | **1406 E Duval Street Philadelphia, PA 19138 Philadelphia County** |
| ☑ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. **US Dept. of Housing and Urban Developmen** | **1** | |

**§ 4(b) Curing default and maintaining payments**

☑ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☐ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| **City of Philadelphia Tax Lit & Coll Unit** | **32** | | **$678.00** | **6.00%** | **$132.89** | **$810.89** |

(12/2024)                                                      2

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| Hometap Equity Partners LLC | 27 | 1406 E Duval Street Phila. | $131,667.25 | 0.00% | $0.00 | $131,667.25 |
| Santander Bank | 2 | 2017 Audi Q7 | $13,600.00 | 9.25% | $4,351.45 | $17,951.45 |
| Water Revenue Bureau c/o City of Phila. | 31 | | $1,022.32 | 0.00% | $0.00 | $1,022.32 |

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☑        **None**. If "None" is checked, the rest of § 4(d) need not be completed.

**§ 4(e) Surrender**

☑        **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**

☑ **None**. If "None" is checked, the rest of § 4(f) need not be completed.

## Part 5:General Unsecured Claims

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☑        **None.** If "None" is checked, the rest of § 5(a) need not be completed.

**§ 5(b) Timely filed unsecured non-priority claims**

(1) Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follow**s** *(check one box)***:**

☑ Pro rata

☐ 100%

## Part 6: Executory Contracts & Unexpired Leases

☐        **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Proof of Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
| Hometap Equity Partners LLC | 27 | Debtor  is paying per section 4c above | |

## Part 7: Other Provisions

**§ 7(a) General principles applicable to the Plan**
(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation
☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a filed unsecured claim render the Plan unfeasible.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly.  All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

(12/2024)                                                      3

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

**§ 7(c) Sale of Real Property**

☑ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1**: Trustee Commissions*

**Level 2**: Domestic Support Obligations

**Level 3**: Adequate Protection Payments

**Level 4:** Debtor's attorney's fees

**Level 5**: Priority claims, pro rata

**Level 6:** Secured claims, pro rata

**Level 7:** Specially classified unsecured claims

**Level 8:** General unsecured claims

**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. If the Trustee's compensation rate increases resulting in the Plan becoming underfunded, the debtor shall move to modify the Plan to pay the difference.*

## Part 9: Non-Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Non-standard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of Part 9 need not be completed.

**Debtor seeks to avoid the One Main Judgment since he was not served and since it was within 90 days of the filing and is a pereference**.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no non-standard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date: **June 11, 2026**                    **/s/ David M. Offen**

**David M. Offen**

Attorney for Debtor(s)

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and exact copy of the documents described below to be served on the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth herein, by the means indicated and to all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

Third Amended Chapter 13 Plan

(12/2024)                                    4

I certify under penalty of perjury that the above document(s) were sent

using the mode of service indicated.

Dated: 06/11/2026                    /s/ David M. Offen
                                     David M. Offen
                                     Attorney for Debtor(s)
                                     The Curtis Center
                                     601 Walnut Street, Suite 160 West
                                     Philadelphia, PA 19106
                                     215-625-9600
                                     info@offenlaw.com

Mailing List Exhibit: (Check all that apply.  If via e-mail, include e-mail
address.  Continue to the next page if necessary.):

**U.S. Department of Housing and Urban Development**
**801 Market Street 12th Floor**
**Philadelphia, PA 19107**
**Margaret.R.Baldwin@hud.gov**
**Creditor via email**

**United States Trustee**
**USTPRegion03.PH.ECF@usdoj.gov**
**Via CM/ECF**

**SCOTT F. WATERMAN [Chapter 13]**
**ECFMail@ReadingCh13.com**
**Via CM/ECF**

**Santander Bank, N.A.; as**
**servicer for Santander Consumer USA Inc.**
**P.O. Box 961245**
**Fort Worth, TX 76161-1245**
**BK_POCTeam@santanderconsumerusa.com**
**Creditor via email**

**Internal Revenue Service**
**PO Box 7346**
**Philadelphia, PA 19101**
**John.F.Lindinger@IRS.gov**
**Creditor via email**

**Hometap Investment Partners III SPV, LLC**
**Thomas L. Henderson - McGlinchey Stafford**
**3401 Tuttle Rd, Suite 200**
**Cleveland, OH 44122**
**thenderson@mcglinchey.com**
**Creditor via email**

**MIDFIRST BANK**
**999 NorthWest Grand Boulevard**
**Oklahoma City, OK 73118**
**MATTHEW K. FISSEL on behalf of Creditor MIDFIRST BANK**
**bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com**
**Creditor via CM/ECF**

**OneMain**
**PO Box 3251**
**Evansville, IN 47731-3251**
**800-266-9800**
**CBP@OneMainFinancial.com Creditor via email**

(12/2024)                              5